IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALBERT RUSSELL,

    Plaintiff,

vs.                                                                  No. 1:24-CV-00012-KWR-JFR

INDUCTEV, Inc.

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion for Entry of Default, filed March 7, 2024. Doc. 10. Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion for entry of default is not well taken and, therefore, is **DENIED**.

## BACKGROUND

On January 3, 2024, Plaintiff filed his Complaint, initiating a civil action for declaratory and equitable relief against InductEV, Inc., alleging breach of contract, fraud in the inducement, misrepresentation, promissory estoppel, and interference with contract. Doc. 1 at 1. Plaintiff seeks specific performance for 6,502,300 shares of InductEV company stock; damages, including but not limited to the expected value of 6,502,300 shares of company stock, underpaid and unpaid wages, back pay; equitable relief; and costs, expenses, and attorney fees. *Id*. at 25-26. On January 11, 2024, pursuant to Fed. R. Civ. P. 4(d), Defendant signed and returned an executed copy of the *Waiver of the Service of Summons*, which he then docketed with the Court. Doc. 9. Defendant then had 60 days after the January 3, 2024, filing of the Complaint to answer. Fed. R. Civ. P. 4(d)(4). The parties confirmed with each other a March 4, 2024, response date for Defendant's

Answer.  Doc. 10 at 2; Doc. 14 at 2.  On March 6, 2024, InductEv served its Answer to Plaintiff via email.  Doc. 14 at 2 citing, Ex. A.  On March 7, 2024, InductEV filed its Answer with this Court, and Plaintiff filed his Motion for Entry of Default.  Docs. 10, 12.

## DISCUSSION

### I. Plaintiff Has Not Obtained Clerk's Entry of Default

Rule 55 mandates a two-step process for a default judgment.  First, a party must obtain a Clerk's entry of default.  Second, the party must request a default judgment.  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)).  Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015).

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003).  To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004).  Moreover, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th

Cir.1985). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

"In ruling on a motion for default judgment, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for default judgment." *Seme v. E & H Prof'l Sec. Co., Inc.*, 2010 WL 1553786, at *11 (D.Colo. Mar. 19, 2010) (citing *Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C.2009), *quoted in Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1277 (D. Kan. 2016). "The calculation of damages requires the Court to look beyond the averments of the complaint. The Court is required to examine the sufficiency of all evidence with respect to damages, and, when evidence is deemed insufficient, to ascertain the appropriate level of damages through its own inquiry." *Begay v. Rangel*, No. CV 05-0494 MCA/LCS, 2006 WL 8444385, at *2 (D.N.M. Mar. 10, 2006), *quoting Joe Hand Promotions, Inc. v. Hernandez*, No. 03 Civ. 6132(HB) et al., 2004 WL 1488110, at *2 (S.D.N.Y. June 30, 2004) (citations omitted).

Here, Plaintiff has not obtained the Clerk's entry of default before Defendant filed its answer. The Court finds entry of default at this time to be moot. Therefore, pursuant to Fed. R. Civ. P. 55, the Court must deny this motion. *Gomes*, 420 F.2d at 1366 (citing Fed. R. Civ. P. 55(a) & (b)).

## II.     Alternatively, This Court Would Set Aside an Entry of Default for Good Cause

Even assuming default should have been entered, this Court would set aside an entry of default for good cause. Plaintiff asserts Defendant had until March 4, 2024, to file his Answer, however, he did not serve his Answer until March 6, 2024, and docket it with this Court until March 7, 2024. Doc. 16 at 2-3. Defendant argues pursuant to Fed. R. Civ. P. 6(d), he was not

3

required to file and serve his Answer until March 7, 2024.  Doc. 14 at 2.  Defendant asserts this Court should deny Plaintiff's motion because he timely served and filed his Answer in addition to Plaintiff's Motion being filed after Defendant's Answer was served and filed.  *Id*. at 3.

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Pinson v. Equifax Credit Info. Servs., Inc*., 316 F. Appx. 744, 750 (10th Cir. 2009) citing, *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997).

"While there are some differences between setting aside the entry of default and setting aside a default judgment, there are some important similarities, including that courts may consider the same factors: whether the party willfully defaulted, whether setting aside the entry of default or default judgment would prejudice the non-movant, and whether the movant has presented a meritorious defense."  *Dogs Deserve Better, Inc. v. New Mexico Dogs Deserve Better, Inc.*, No. CIV 13-0592 JB/GBW, 2016 WL 6396392 *15 (D.N.M. Oct. 12, 2016) citing, *Pinson v. Equifax Credit Info Servs., Inc.*, 316 F. Appx. at 750; *Dierschke v. O'Cheskey* (*In re Dierschke*), 975 F.2d 181, 183 (5th Cir.1992).

Generally, "[d]efault judgments are a harsh sanction."  *Ruplinger v. Rains* (*In re Rains*), 946 F.2d 731, 732 (10th Cir. 1991).  Since a "default judgment is a harsh sanction involving a court's power to enter and enforce judgments regardless of the merits of a case, courts do not favor such a sanction 'purely as a penalty for delays in filing or other procedural error."  *Id*. at 733.

Here, even if the Clerk of the Court had made an entry of default, this Court would set aside such an entry for good cause under Rule 55(c).  From the filings and parties' arguments, this

Court finds a default was not willful.  Both parties confirmed with each other that the deadline to serve and file an Answer was March 4, 2024.  Doc. 10 at 2; Doc. 14 at 2.  Defendant admits neither party accounted for three additional days to serve and file an Answer because of Fed. R. Civ. P. 6(d), which would have resulted in a March 7, 2024, deadline.  Docs. 14 at 1-2; 16-2 at 13.  While Plaintiff asserts Defendant acted willfully and in bad faith, the Court finds such an accusation is not grounded in the record.  *See* Docs. 14, Ex. A; 16-1, 11 *et seq*.  Rather, the record supports a finding that Defendant in good faith believed Rule 6(d) was applicable, thereby creating a deadline of March 7, 2024, attempted to docket its Answer on March 6 but could not do so, and served and docketed an Answer by March 7.  *Id*.  Had default been entered, the Court finds Defendant did not willfully default and has presented a meritorious defense.  Moreover, the Court finds that Plaintiff was not prejudiced by the three-day delay.  Therefore, this Court, in its discretion, would set aside entry of default for good cause.

Furthermore, given the harshness of default judgments as a sanction, such a sanction would be unwarranted in this case in this Court's discretion.  *See M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987).  The adversarial process has not been "halted because of an essentially unresponsive party…[or] interminable delay."  *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983).  Rather, according to Plaintiff, Defendant missed a filing deadline by seventy-two hours.  Therefore, according to Plaintiff, this Court should grant specific performance as to 6,502,300 shares of InductEV company stock; damages, including but not limited to the expected value of 6,502,300 shares of company stock, underpaid and unpaid wages, back pay; equitable relief; and costs, expenses, and attorney fees.  Doc. 1 at 25-26.  Such a sanction regardless of the merits would be harsh and unwarranted.  *Ruplinger*, 946 F.2d at 732.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Entry of Default **(Doc. 10)** is **DENIED** for the reasons described above.

\_\_\_\_/s/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE