IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXCIO

**ALBERT RUSSELL,**

      **Plaintiff,**

    v.                                                                Civ. No. 24-12  KWR/JFR

**INDUCTEV, INC.,**

      **Defendant.**

## ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court *sua sponte*. On April 23, 2024, the Court issued an Order Setting Telephonic Status Conference in this matter to take place at 1:30 p.m. on Tuesday, July 9, 2024. Doc. 26. At the appointed date and time, James N. Boudreau, Esq. appeared on behalf of Defendant. Plaintiff's Counsel of Record, Trent A. Howell, Esq. failed to appear.

Under Federal Rule of Civil Procedure 16(f) the Court has discretionary authority to sanction a party for failing to appear at "a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(A). Among the available sanctions, this rule "provide[s] the court the discretionary option of awarding reasonable attorney's fees and costs resulting from the rule violation." *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1554 (10th Cir. 1996). "There can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure . . . that [attorneys] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Id.* at 1555 (alteration, internal quotation marks, and citation omitted). Further, the Court

may assess sanctions under its inherent power where an attorney willfully disobeys a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991).

**THEREFORE**, Attorney Trent A. Howell is ordered to show cause by Friday, July 19, 2024, why he failed to appear at the July 9, 2024 Telephonic Status Conference. Failure to comply with this Order shall constitute an independent basis for sanctions, including dismissal of Plaintiff's case.[1]

**IT IS SO ORDERED.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[1] The Court may impose sanctions for Plaintiff's failure to prosecute and failure to comply with Court orders based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003); *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 628-30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005). Additionally, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to dismiss an action *sua sponte* for failure to prosecute.